IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | | |
|---|---|---|
| Fred Freeman, | ) | C/A No. 9:20-cv-3142-SAL |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | **OPINION & ORDER** |
| Ms. Davis, Ms. Graves, South Carolina | ) | |
| Department of Corrections, Ms. Jud, | ) | |
| TL Dove, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff, proceeding *pro se*, brings this § 1983 action seeking compensation for alleged miscalculations of his inmate account balance at the Lieber Correctional Institute, resulting in his inability to purchase hygiene supplies and an ensuing infection or rash. *See* [ECF No. 23 at 5-7.][1] This matter is before the court for review of the June 22, 2021 Report and Recommendation ("June 22 Report") and October 29, 2021 Report and Recommendation ("October 29 Report") of United States Magistrate Judge Molly H. Cherry, made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.). [ECF Nos. 45, 67.]

The June 22 Report recommends that the court dismiss Defendants Ms. Davis ("Davis"), TL Dove ("Dove"), Ms. Graves ("Graves"), and Ms. Jud ("Jud") from this case without prejudice. *See* [ECF No. 45.] The October 29 Report recommends that the court grant Defendant South Carolina Department of Corrections' ("SCDC") Motion to Dismiss, ECF No. 53, and deny Plaintiff's Dispositive Motion, ECF No. 51, and Motion for Summary Judgment, ECF No. 58. For the reasons stated below, this court adopts both Reports in their entirety.

---

[1] The Magistrate Judge also construed Plaintiff's complaint as raising claims under the South Carolina Tort Claims Act ("SCTCA"). *See* [ECF No. 67 at 4.].

1

## STANDARDS OF REVIEW

The court is charged with making a *de novo* determination of those portions of the Report to which specific objections are made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b)(1). A district court, however, is only required to conduct a *de novo* review of the specific portions of the Magistrate Judge's Report to which an objection is made. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); *Carniewski v. W. Virginia Bd. of Prob. & Parole*, 974 F.2d 1330 (4th Cir. 1992). In the absence of specific objections to portions of the Report, this court is not required to provide an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

"An objection is specific if it 'enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Dunlap v. TM Trucking of the Carolinas, LLC*, 288 F. Supp. 3d 654, 662 n.6 (D.S.C. 2017) (citing *One Parcel of Real Prop. Known as 2121 E. 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996)). A specific objection to the Magistrate Judge's Report thus requires more than a reassertion of arguments from the complaint or a mere citation to legal authorities. *See Workman v. Perry*, No. 6:17-cv-00765, 2017 WL 4791150, at *1 (D.S.C. Oct. 23, 2017). A specific objection must "direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

"Generally stated, nonspecific objections have the same effect as would a failure to object." *Staley v. Norton*, No. 9:07-0288, 2007 WL 821181, at *1 (D.S.C. Mar. 2, 2007) (citing *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991)). The court reviews portions "not objected to—including those portions to which only 'general and conclusory' objections have

been made—for clear error." *Id.* (emphasis added) (citing *Diamond*, 416 F.3d at 315; *Camby*, 718 F.2d at 200; *Orpiano*, 687 F.2d at 47).

Because Plaintiff is proceeding *pro se*, the court is charged with liberally construing the pleadings. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). The requirement of liberal construction, however, does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a cognizable claim. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

**DISCUSSION**

**I. The June 22 Report.**

The June 22 Report recommends dismissing Defendants Davis, Dove, Graves, and Jud from this case because they have not been served with process. [ECF No. 45 at 1.] The Report explained that Summonses for these Defendants were returned unexecuted and indicated that the SCDC Office of General Counsel was not able to accept service for these individuals. [ECF No. 45 at 1 (citing ECF No. 32).] Nor was the United States Marshal able to locate the Defendants. *Id.* The Report, therefore, recommends dismissal without prejudice against Defendants Davis, Dove, Graves and Jud unless Plaintiff provides the court materials showing good cause for failure to serve these Defendants. *Id.* at 2.

On June 30, 2021, Plaintiff filed his objections to the June 22 Report, asserting that the General Counsel of SCDC is aware of the locations of the Defendants. [ECF No. 49 at 1.] Plaintiff, however, did not submit any materials showing good cause for his failure to serve the Defendants. Because Defendants Davis, Dove, Graves, and Jud have not been served in this action and Plaintiff has not shown good cause for the failure, the court finds dismissal is required by Federal Rule of Civil Procedure 4(m). *See* Fed. R. Civ. P 4(m) ("If a defendant is not served within (90) days after

the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant. But if the plaintiff shows good cause for the failure, the court must extend the time for service to an appropriate period."). Accordingly, the court overrules Plaintiff's objection and adopts the June 22 Report's recommendation to dismiss Defendants Davis, Dove, Graves, and Jud without prejudice.

## II. The October 29 Report.

The October 22 Report recommends that the court grant Defendant SCDC's motion to dismiss because Plaintiff's § 1983 claim against SCDC is barred by the Eleventh Amendment and Plaintiff's state law claims are barred by the SCTCA's statute of limitations. [ECF No. 67 at 2–5.] For those same reasons, the Report found that Plaintiff was not entitled to judgment as a matter of law on his claims and recommended denial of his dispositive motions. *Id.* at 5–6.

On November 10, 2021, Plaintiff filed his objections to the Report. [ECF No. 71.] Plaintiff, however, fails to set forth any specific objections to the Report. Instead, Plaintiff alleges that Defendants have refused to disclose documents to him, asserts that his written submissions establish his entitlement to relief, and makes general objections to the court's *sua sponte* dismissal of his claim. To the extent that the court can construe Plaintiff's objections as arguing that SCDC's Eleventh Amendment immunity has been abrogated by Congress, *see id.* ¶¶ 9–10, this objection is overruled. As a state agency, SCDC is considered "an arm of the state of South Carolina," and Congress did not abrogate the sovereign immunity of the states when it enacted § 1983. *Simpson v. S.C. Dep't of Corr.*, No. 2:19-cv-2245, 2020 WL 582321, at *2 (D.S.C. Feb. 6, 2020). "As such, the Eleventh Amendment protects SCDC from suit whether money damages or injunctive relief is sought." *Id.* (citations omitted). The court, therefore, adopts the October 29 Report's recommendation to grant Defendant SCDC's Motion to Dismiss.

4

## CONCLUSION

After a thorough review of the June 22 Report, the applicable law, and the record of this case, the court adopts the Report, ECF No. 45, in its entirety and hereby incorporates the Report by reference. Accordingly, the court **DISMISSES** Defendants Davis, Dove, Graves, and Jud from this case, without prejudice, pursuant to Fed. R. Civ. P. 4(m).

After a thorough review of the October 29 Report, the applicable law, and the record of this case, the court adopts the Report, ECF No. 67, in its entirety. Accordingly, Defendant SCDC's Motion to Dismiss, ECF No. 53, is **GRANTED**, and Plaintiff's Dispositive Motion, ECF No. 51, and Motion for Summary Judgment, ECF No. 58, are **DENIED.** Therefore, this case is **DISMISSED.**

    **IT IS SO ORDERED.**

February 4, 2022
Florence, South Carolina

/s/Sherri A. Lydon
Sherri A. Lydon
United States District Judge