IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Fred Freeman,<br><br>               Plaintiff,<br><br>v.<br><br>Ms. Davis, Ms. Graves, South Carolina Department of Corrections, Ms. Jud, T.L. Dove,<br><br>               Defendants. | C/A No. 9:20-cv-03142-SAL<br><br><br>**OPINION AND ORDER** |

This matter is before the court on Plaintiff's motion to reconsider (the "Motion"). [ECF No. 80.] This motion asks the court to reconsider its February 4, 2022 order (the "Order") adopting the Report and Recommendations of the Magistrate Judge, ECF Nos. 45 and 67, dismissing Defendants Davis, Dove, Graves, and Jud from this action, and granting Defendant South Carolina Department of Corrections' ("SCDC") motion to dismiss, ECF No. 53. For the following reasons, the court denies the Motion.

Motions to reconsider are governed by Rule 59(e) of the Federal Rules of Civil Procedure. The Fourth Circuit Court of Appeals has interpreted Rule 59(e) to allow a court to alter or amend an earlier judgment: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Becker v. Westinghouse Savannah River Co.*, 305 F.3d 284, 290 (4th Cir. 2002) (quoting *Pacific Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998)). "Rule 59(e) motions may not be used, however, to raise arguments which could have been raised prior to the issuance of judgment, nor may they be used to argue a case under a novel theory that the party had the ability to address in the first instance." *Pacific Insurance*, 148 F.3d at 403. Relief

1

under Rule 59(e) is "an extraordinary remedy which should be used sparingly." *Id.* (internal marks omitted). "Mere disagreement does not support a Rule 59(e) motion." *Becker*, 305 F.3d at 290 (quoting *Hutchinson v. Stanton*, 994 F.2d 1076, 1082 (4th Cir. 1993)).

Here, Petitioner attempts to correct an alleged error of fact. He wants the record to reflect that "check deposit 2016 nbsp" was never placed into his account. [ECF No. 80 at 1.] He also alleges that he filed a discovery motion related to the check deposit, which was improperly suppressed. *See id.* However, as previously addressed in a text order by the court, Plaintiff's motion for discovery from Defendant SCDC was mooted by the Magistrate Judge's recommendation that Defendant SCDC's motion to dismiss be granted and that all claims against SCDC be dismissed. [ECF No. 69.] The order also explained that if this court declined to adopt the Magistrate Judge's recommendation and SCDC was not dismissed from the case, Plaintiff could refile his motion to compel. Because this court adopted the Magistrate Judge's recommendation and granted Defendant SCDC's motion to dismiss, SCDC is no longer a party to this case and Plaintiff's previous motion to compel thus remains terminated as moot.

Furthermore, any alleged error of fact regarding the check deposit is immaterial because this court's Order granted Defendant's SCDC's motion to dismiss on the grounds that SCDC was immune from Plaintiff's § 1983 claims pursuant to the Eleventh Amendment and Plaintiff's state law claims against SCDC were filed outside of the South Carolina Tort Claims Act's statute of limitations. Because Plaintiff has not identified a clear error of law in the court's order, an intervening change in controlling law, or new evidence previously unavailable, the court denies his Motion.

## CONCLUSION

For the foregoing reasons, the court finds no justification for altering or amending its earlier judgment. Plaintiff's motion to reconsider, ECF No. 80, is **DENIED.**

**IT IS SO ORDERED.**

May 31, 2022
Florence, South Carolina

/s/Sherri A. Lydon
Sherri A. Lydon
United States District Judge